United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30637
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LEE CLAY SENIGAL, also known as Willie Lee
Clay, also known as Willie Clay Parker, also
known as Murkel Parker,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-36-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Willie Lee Clay Senigal was convicted on all counts of a 14-count superceding indictment. On appeal, she challenges only four counts of wire fraud. Senigal operated a beauty parlor and cosmetology school in Baton Rouge, Louisiana. Senigal used the wires to procure insurance for the business and then filed a fraudulent claim against that insurance. The only question on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is whether the evidence admitted at trial is sufficient to show that Senigal had the specific intent to defraud when she obtained the insurance.

The standard for evaluating the sufficiency of the evidence is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). This court considers the evidence in the light most favorable to the Government, including all reasonable inferences that can be drawn from the evidence. United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). Intent to defraud is established if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to himself. United States v. Saks, 964 F.2d 1514, 1518 (5th Cir. 1992). Proof of such intent can arise by inference from all of the facts and circumstances surrounding the transactions. United States v. Ismoila, 100 F.3d 380, 387 (5th Cir. 1996)(wire fraud).

The evidence is sufficient to allow a jury to infer that she obtained the insurance with the specific intent to further her scheme to file a fraudulent claim. Senigal was in need of money to support her business. Senigal defrauded a bank in an effort to obtain the money. Senigal acted urgently in her attempt to secure insurance on a building from which she knew she was about

to be evicted.  Less than a month later, Senigal filed a fraudulent insurance claim.  Taken together, these facts would allow a jury to infer that Senigal procured the insurance with the specific intent to file a fraudulent claim for financial gain.  See Saks, 964 F.2d at 1518; Ismoila, 100 F.3d at 387.  Having shown that obtaining the insurance was part of the scheme to file a fraudulent claim, there is no dispute that Senigal used the wires to further that scheme.  United States v. Aggarwal, 17 F.3d 737, 740 (5th Cir. 1994).  Senigal's conviction is AFFIRMED.